UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDWARD CIOCIOLA,
d/b/a Scarecrow Productions,

      Plaintiff,

      v.                                      Case No. 06-C-255

HARLEY-DAVIDSON INC., and
HARLEY-DAVIDSON MOTOR CO., INC.,

      Defendants.

## PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIALS

FOR GOOD CAUSE SHOWN, the Court enters the following Protective Order regarding the treatment of information and materials produced or exchanged during the course of discovery in this action.

The parties, in the course of discovery in this action, have requested or will request that Plaintiff Edward Ciociola and Defendants Harley-Davidson, Inc. and Harley-Davidson Motor Company, Inc. and potentially third parties, respectively provide each other with certain information that is competitively sensitive or otherwise non-public. Therefore, with the consent of the parties, the Court orders the following:

(1) The parties and third parties producing information may designate documents, electronic files and other information produced to either party in this litigation and its counsel during the course of discovery and believed to contain confidential information as "Confidential" or, alternatively, "Highly Confidential." Such designation shall be made by stamping the word

"Confidential" or the words "Highly Confidential" on the document at issue or by clearly designating in writing to the receiving parties and their counsel those documents or that information which is considered to be Confidential or Highly Confidential.

(2) The term "Confidential Information" means any information, whether oral or in documentary, electronic, or other tangible form, designated as Confidential or Highly Confidential by any producing person, and that the producing party reasonably and in good faith believes is of the type protectable under Fed. R. Civ. P. 26(c)(7). "Confidential Information" collectively refers to information designated "Confidential" or "Highly Confidential." The term "Highly Confidential," a category that the parties intend to use sparingly, refers to information that the producing party reasonably and in good faith believes reflects: (A) current highly confidential business plans or current highly confidential strategies; or (B) sensitive non-public information that: (i) as of the date of production, has been subject to strict internal controls limiting its dissemination within the producing party; and (ii) if improperly disclosed, is likely to cause the producing party substantial commercial harm.

(3) Information disclosed in depositions shall be treated as Highly Confidential until at least ten days after each party's counsel receives the official transcript of the deposition. A party or non-party producing entity or witness may designate any or all such information as "Confidential" or "Highly Confidential" by notifying opposing counsel in writing, within ten days after the party receives the official transcript, of the specific pages and lines of the transcript which counsel contends are "Confidential" or "Highly Confidential." Alternatively, a party or non-party producing entity or witness may designate such information as "Confidential" or "Highly Confidential" by indicating on the record at the deposition that the testimony constitutes information that is

2

Confidential or Highly Confidential, and that such information should be treated as such pursuant to the provisions of this Order.

(4) Subject to Court order relieving them of the obligation of abiding by this Order, parties receiving information pursuant to this Order, and their counsel, shall keep confidential, except as specifically allowed herein, or as allowed by Court order, documents, electronic files, other information, and deposition testimony, including the information contained therein, which has been designated as "Confidential" or "Highly Confidential" by the producing party. In this regard, the receiving parties shall not disclose, publish or otherwise disseminate Confidential Information to any third parties, except as provided for herein, and shall only use said Confidential Information in conjunction with the prosecution and defense of this action and the claims and defenses alleged herein by the respective parties.

(5) The parties intend that all Confidential Information shall be used for the purposes of this litigation only. The parties may disclose documents, electronic files, and information designated as "Confidential" only to the following persons and to no others:

    (a) The parties and their counsel (including such counsel's paralegals and secretaries);

    (b) Independent experts or consultants retained to assist in the litigation, including but not limited to any person engaged by the parties as a mediator of the dispute giving rise to this action;

    (c) Any court reporter engaged to record deposition or other testimony in this action;

(d) Outside contractors, and their personnel, engaged for the purpose of document copying, document imaging, and/or document management; and

(e) The Court (as provided in paragraph 13).

(6) The parties may disclose documents, electronic files, and information designated by a producing party or a third-party as "Highly Confidential" only to:

(a) Their outside counsel of record actively engaged in the conduct of this litigation, and, if any, the parties' in-house counsel;

(b) Paralegals and secretaries regularly retained by the parties' outside counsel;

(c) Any court reporter engaged to record deposition or other testimony in this action;

(d) Independent experts or consultants retained to assist in the litigation, including but not limited to any person engaged by the parties as a mediator of the dispute giving rise to this action;

(e) Outside contractors, and their personnel, engaged for the purpose of document copying, document imaging, and/or document management; and

(f) The Court (as provided in paragraph 13).

Except for in-house counsel as provided above, "Highly Confidential" information may not be disclosed to any employee of the parties, or any affiliates of those entities.

(7) The parties recognize that, in certain circumstances, counsel and/or consultants for a party may need to consult with client representatives, other than in-house counsel, regarding information that has been designated "Highly Confidential." In the event this circumstance arises, counsel for the receiving party shall:

(a) Specifically identify the Highly Confidential information at issue; and

(b) Specifically name the client representatives to whom it wants to disclose the Highly Confidential information.

Counsel for the parties shall then use their best efforts to agree on whether the specifically identified Highly Confidential information may be disclosed to the specifically identified client representatives. In the event counsel for the parties cannot reach agreement, they will promptly schedule a conference of the Court to resolve the issue.

(8) Nothing in this Order shall prevent or restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of either Confidential or Highly Confidential information which counsel are permitted to view under this Order; provided, however, in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any Confidential or Highly Confidential information so designated to any individual not authorized to receive such information.

(9) Nothing set forth in this Order shall be construed as preventing any party who complies with the provisions of this paragraph from attending any depositions or court proceedings but the parties and others may be excluded, if appropriate, from portions of the depositions where Highly Confidential Information is discussed. Before providing any Confidential Information to any contractor or third party who is otherwise permitted to view that Confidential Information (pursuant to Paragraph 5 or 6, above), the party shall provide the person with a copy of this Order and the person shall sign a copy of the attached acknowledgment form agreeing to be bound by the terms of this Order.

(10)     Counsel shall retain the original of each signed Acknowledgment Form and shall provide a copy of such form to opposing counsel on request and upon showing of good cause.

(11)     Any summary that includes Confidential Information or copy of any document or electronic file marked Confidential or Highly Confidential shall be subject to the terms of this Order.

(12)     Production of documents, electronic files, and things for inspection and copying shall not constitute a waiver of confidentiality.  In the event that a party inadvertently produces information without designating it "Confidential" or "Highly Confidential," then later designates it as such, the receiving party and that party's counsel shall use their best efforts to treat the information as if it had been designated as Confidential Information at the time it was produced.  Where necessary, this shall include (where feasible):

    (a)     Retrieving copies of the Confidential Information provided to persons who should not have received copies of such information under the terms of this agreement; and

    (b)     Obtaining signed acknowledgments in accordance with Paragraph 9 of this agreement, if applicable.

(13)     All documents of any nature, including briefs, which have been designated as "Confidential" or "Highly Confidential," and which are to be filed with the Court, shall be filed with the Court under seal.  Documents which contain Confidential Information shall be filed in sealed envelopes marked with the title of the litigation and bearing a statement substantially in the following form:

> CONFIDENTIAL (or HIGHLY CONFIDENTIAL)
>
> FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER DATED _____, 2007, GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF THIS LITIGATION.
> THIS ENVELOPE IS NOT TO BE OPENED AND ITS CONTENTS ARE NOT TO BE DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS OR BY COURT ORDER.

All Confidential Information so filed shall be released from confidential treatment by the clerk only upon further order of the Court.

(14) The parties may seek further specific direction from the Court regarding how they shall treat Confidential Information in filings (in any manner different than as agreed to pursuant to paragraph 13), hearings, in open court, and at trial.

(15) If there is any dispute between the parties as to the designation of specific information as Confidential Information, the information in question shall be treated consistent with its designation as "Confidential" or "Highly Confidential" (as the case may be) until such time as the Court issues an order declaring otherwise.

(16) Following the termination of this action, whether by trial, settlement or otherwise, the parties, their counsel and any experts or consultants retained by them, shall return all Confidential Information to the party who produced the Confidential Information, including all copies of documents and electronic files, containing Confidential Information as well as any notes or abstracts, exhibits, summaries or other formulations made or based in whole or in part on Confidential Information, or shall certify in writing that the party has physically destroyed all such documents and

electronic files.  The ultimate disposition of Confidential Information filed with the Court shall be subject to further order of the Court.

(17) The signatories to a copy of the Acknowledgment Form attached hereto agree that signatories to this Consent Order, at any time and with notice as required by the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Eastern District of Wisconsin, may seek an order from the Court modifying, amending or dissolving the terms of this Order.

**SO ORDERED** this 9th day of August 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge